26913. FRICK COMPANY *v.* BRIDGES *et al.*

DECIDED OCTOBER 31, 1938. REHEARING DENIED DECEMBER 10, 1938.

*Lowery Stone, James W. Bonner, Orabel Rabon,* for plaintiff.
*A. H. Gray,* for defendants.

FELTON, J. This is the second appearance of this case. See *Frick Co.* v. *Bridges*, 51 *Ga. App.* 123 (179 S. E. 861). The suit on the notes was amended by an allegation that they were executed as a part of the purchase-price of certain machinery and by attacking the written order therefor. Before the second trial of the case, which is now on review, the defendants amended their answer by striking that part of it which admitted a prima facie case, and by denying the amendment to the petition above referred to. The evidence upon the second trial was substantially the same as upon the first, with the exception that upon the last trial the written order for machinery was admitted in evidence for the sole purpose "of the jury ascertaining and determining whether the defendant Don S. Bridges got the engine he ordered." The jury rendered a verdict for $600 and the plaintiff excepted to the judgment denying a new trial.

1. Error is assigned on the refusal by the court to admit in

evidence without restriction the written order for the machinery. While no reasons were given in the amended motion for new trial why the rejection of evidence was error, the entire document is set forth in the ground of the amended motion, and its materiality and the error in its rejection without restriction are apparent from the face of the ground of the motion for new trial.

2. The theory of the defendants' case is that since the identical machine ordered was not sent by the Frick Company, it could not profit by the limited warranty stipulated in the order. The uncontradicted evidence demands a finding that whatever machine was delivered was delivered in response to and by reason of the order, because Mr. Bridges testified that he signed the order before the machine was delivered and that it was the only order he had ever given Frick Company for machinery. The law applicable to the case, therefore, is the same as if a prima facie case had been admitted. It was error for the court to restrict the written order to evidence of whether the defendants got what they ordered. If they did not get what they ordered, but got something different because of and by reason of the order, they were bound to know these facts and the only recourses they had were to either affirm the contract and protect themselves under its terms, or disaffirm it, and rescind by putting the Frick Company in statu quo. They did not rescind the contract. On the other hand, they affirmed it, and kept and used the machinery without complying with the contract as to protection under the written, limited warranty. The law of this case has been so well stated by Judge Guerry in the former case that it is unnecessary to repeat any of it. The court erred in restricting the written order to proof as to whether the defendants received the machine they ordered and it was error to overrule the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*